UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUTUAL INSURANCE COMPANY LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HONORABLE ERNEST B. MURPHY )<br>)<br>Defendant. )<br>) | C. A. No.07-cv-11532-PBS |

THE HONORABLE ERNEST B. MURPHY'S RESPONSE TO MUTUAL
INSURANCE COMPANY, LIMITED'S STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, the Honorable Ernest B. Murphy ("Judge Murphy") submits the following response to Mutual Insurance Company, Limited's ("Mutual") Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. Any statement not specifically opposed is undisputed only for the purposes of opposing Mutual's summary judgment motion.

A. **RESPONSES TO MUTUAL'S STATEMENTS OF FACT**

10. Undisputed, but Judge Murphy states that the trial judge upheld "the bulk of the verdict." (*See Murphy v. Boston Herald*, 449 Mass. 42, 47 (2007), Mutual Exh. 3.)

11. Undisputed, but Judge Murphy states that the trial judge upheld the jury's findings as to 19 of the 22 statements for which The Herald was found to be liable. (*Id.*)

13. Undisputed, but Judge Murphy states that the SJC affirmed the trial judge's upholding of 19 of the 22 statements for which The Herald was found liable. (*Id.*)

14. Undisputed, but Judge Murphy states that Mutual wired the $3.415 million judgment to Baker Hostetler, who, in turn, wired it to Judge Murphy's counsel. (Deposition of Jerome Schaefer, Mutual Exh. 8, at 41-42.) The Herald did not make payment to Judge Murphy and then later seek reimbursement from Mutual for its loss. Instead, Mutual satisfied the judgment itself. (*Id.*)

17. Undisputed, but Judge Murphy states that the demand letter speaks for itself. (*See* Mutual Exh. 4.)

19. Disputed. Judge Murphy, in the demand letter sent by his counsel, clearly claimed $6.8 million in damages, which amount is plainly recoverable under Massachusetts law. (Mutual Exh. 4, at 3.)

22. Disputed. Massachusetts General laws, Chapters 93A and 176D impose upon Mutual, as The Herald's insurer, a duty to Judge Murphy to comply with the requirements of those statutes. Mutual has willfully and knowingly disregarded that duty and thus is subject to multiple damages based on those awarded in the libel case. Those damages are to be calculated by doubling or trebling the amount of the plaintiff's underlying verdict. (*See* Mutual Exh. 6, at 3.)

28. Disputed. Judge Murphy does not admit that the Policy was "specialized" and states that the Policy language speaks for itself.

29. Disputed. Judge Murphy states that the Policy language provides coverage in accordance with its terms and has no special constitutional status.

30.     **Disputed.**  Judge Murphy states that while the Policy provided by Mutual to The Herald was styled as an indemnity policy, it contained many of the same features, rights and responsibilities as the duty-to-defend policy.  Furthermore, there was no indemnification in this case as Mutual, through its counsel, ultimately paid the judgment to Judge Murphy, through his counsel.  (Mutual Exh. 8, at 41-42.)

31.     **Disputed.**  Mr. Schaefer's testimony is hearsay, describing purported out-of-court documents.

32.     **Disputed.**  Judge Murphy states that the Policy, Form 2000-CM, provided by Mutual to The Herald, is specifically designed to limit the amount paid out on any given claim.  (*See* Mutual Exh. 7, at 14-23.)  Furthermore, Mutual is not "indifferent" as to the ultimate amount of a verdict against one of its insureds.  (*See* Mutual Exh. 8, at 64.)  Lastly, Mr. Schaefer's testimony is hearsay, testifying to the purported contents of out-of-court documents.

33.     **Disputed.**  Judge Murphy states that the Policy also provides for indemnification for claims based on wrongful entry, false arrest, false imprisonment, as well as other similar crimes and as such, is not designed with its "sole purpose" being "to permit publishers in this country and in this Commonwealth to publish under the First Amendment."  (*See id.*)  Furthermore, Mr. Schaefer's testimony is hearsay, testifying to the purported contents of out-of-court documents.

35.     **Disputed.**  While Mutual seeks to classify its policy with The Herald (hereinafter referred to as "the Policy") as something other than a "traditional liability policy," the Policy, much like "traditional liability policies," contains a number of provisions giving

**Mutual the right to be involved in the defense of any litigation likely to result in a claim under the Policy. (The Policy, Mutual Exh. 7, at 20-21.) First, The Herald had numerous obligations to Mutual under the terms of the Policy. Once a claim is made or suit is brought against The Herald, it has an obligation to (a) promptly give Mutual notice of the defamation action or suit; (b) retain counsel for the defense or settlement of the claim (and notify Mutual of the identify of the counsel; (c) provide status updates to Mutual at least every six months; (d) provide Mutual with the complaint and other legal documents; and (e) file a notice of appearance and pleadings within the time period required by law. (*Id.*) The purpose of these obligations is to ensure that Mutual could oversee any litigation that would likely result in a claim under the Policy. Furthermore, pursuant to the Policy, Mutual retains the right to: a) associate with Mutual in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by Mutual, in which event The Herald and Mutual shall cooperate fully in the defense or settlement of such claim, suit or proceeding; b) suggest replacement of The Herald's counsel in the event that Mutual is dissatisfied with The Herald's counsel, with new counsel to be jointly appointed by Mutual and The Herald; and c) appeal from any judgment rendered in a suit against The Herald, despite The Herald's unwillingness to appeal. (Mutual Exh. 7, at 20-23.) The existence of a retention amount (here $50,000), is a common provision in insurance policies.**

**36.     Disputed. The obligations imposed by the Policy attach regardless of the amount of the claim. (Mutual Exh. 7, at 20.)**

**37.     Disputed. Judge Murphy states that under the Policy, Mutual retains the right to defend The Herald in disputes arising from claims brought under the Policy. The Policy**

provides Mutual with the right to: a) associate with Mutual in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by Mutual, in which event The Herald and Mutual shall cooperate fully in the defense or settlement of such claim, suit or proceeding; b) suggest replacement of The Herald's counsel in the event that Mutual is dissatisfied with The Herald's counsel, with new counsel to be jointly appointed by Mutual and The Herald; and c) appeal from any judgment rendered in a suit against The Herald, despite The Herald's unwillingness to appeal.  (Mutual Exh. 7, at 20-23.)

38.  Disputed.  Mutual retains various important rights under the Policy which amount to the right to control the defense of claims against The Herald.  Specifically, Mutual "shall have the right and shall be given the opportunity to (a) associate with [The Herald] in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by the Company, in which event [The Herald and Mutual] shall cooperate fully in the defense or settlement of such claim, suit or proceeding."  (Mutual Exh. 7, at 20.)  Furthermore, Mutual could, if dissatisfied with The Herald's counsel, "suggest the replacement thereof with new counsel to be jointly appointed by The Herald and Mutual."  (*Id.*)  Lastly, not only must Mutual consent to any attempts to settle the dispute, but the Policy provides Mutual with "the right to appeal from [a judgment against The Herald]," even if The Herald is unwilling to appeal from that judgment.  (*Id.* at 21.)

39.  Disputed.  Judge Murphy states that the language of the Policy speaks for itself.  In this instance, Mutual did not indemnify The Herald for the amount of the judgment, as Mutual, through its counsel, ultimately paid the judgment to Judge Murphy, through his counsel.  (Mutual Exh. 8, at 41-42.)

43.     Judge Murphy does not dispute that Mutual has quoted from a portion of the Policy, but notes that Mutual has failed to include many of The Herald's remaining duties and Mutual's rights under the policy.  For example, Mutual retains the right to defend The Herald through the various rights afforded to it by the Policy.  As noted above, Mutual "shall have the right and shall be given the opportunity to (a) associate with [The Herald] in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by the Company, in which event [The Herald and Mutual] shall cooperate fully in the defense or settlement of such claim, suit or proceeding." (Mutual Exh. 7, at 20.)  Furthermore, Mutual could, if dissatisfied with The Herald's counsel, "suggest the replacement thereof with new counsel to be jointly appointed by The Herald and Mutual." (*Id.*)  Lastly, not only must Mutual consent to any attempts to settle the dispute, but the Policy also provides Mutual with "the right to appeal from [a judgment against The Herald]," even if The Herald is unwilling to appeal from that judgment. (*Id.* at 21.)

44.     Disputed.  Judge Murphy states that pursuant to the Policy, Mutual retains the right to defend The Herald through the various rights afforded to it by the Policy, as noted in Paragraph 43.

45.     Judge Murphy does not dispute that Mutual has quoted accurately from the Policy.

46.     Judge Murphy does not dispute that Mutual has accurately quoted a portion of the Policy, but notes that Mutual has failed to quote the remaining duties of the insured as well as Mutual's right to defend claims made against the Policy.

47.     **Disputed**, as this is an attempt to mischaracterize Mutual's right to control the litigation.

48.     Judge Murphy does not dispute that Mutual has accurately quoted a portion of the Policy, but notes that Mutual has failed to quote the remaining duties of the insured as well as Mutual's right to defend claims made against the Policy.

49.     **Disputed.** Mutual retained joint control over the settlement of this dispute, as provided by Article VIII of the Policy: Mutual "shall have the right and shall be given the opportunity to . . . associate with [The Herald] in the defense and control of any claim, suit or proceeding . . . in which event [The Herald] and [Mutual] shall co-operate fully in the defense or settlement of such claim."[1]  (*See* Mutual Exh. 7, at 20.)

53.     While Judge Murphy does not dispute the existence of the retention amount, he does dispute the fact that the policy is one of "excess," as the Policy does not use that term and provides primary coverage in accordance with its terms.  (*See* Mutual Exh. 7.)

54.     **Disputed.** Mutual retained the right, under the Policy, to associate with The Herald in defense and settlement of the claims.  Furthermore, Mutual exercised its right to control the defense of the case as it suggested the law firm of Baker Hostetler, LLP, as new counsel responsible for handling the appeal, which suggestion could not be unreasonably denied by the Herald.  (*Id.*)  Mutual retained Bruce Sanford of Baker Hostetler, as of May 12,

---

[1] For examples of communications regarding settlement which included Mutual, *see* Declaration of Sarah P. Kelly, Exh. 2, at entries for Priv. Mut. 000195-196, Priv. Mut. 000197-198, Priv. Mut. 000199, Priv. Mut. 000200, Priv. Mut. 00201-202, Priv. Mut. 00203-204, Priv. Mut. 00205, Priv. Mut. 00206, Priv. Mut. 00844, Priv. Mut. 00863-864, Priv. Mut. 00865-866, Priv. Mut. 00867, Priv. Mut. 00872, Priv. Mut. 00873, Priv. Mut. 00878, Priv. Mut. 00879, Priv. Mut. 00880-881, Priv. Mut. 00882-883, Priv. Mut. 00887, Priv. Mut. 00891, Priv. Mut. 00893.

**2005, jointly with The Herald to evaluate issues concerning The Herald's potential appeal of the verdict in the Underlying Action.  (Affidavit of Jeffrey Magram, Mutual Exh. 11.)**

**55.    Disputed, as the record is confused on this point.**

**57.    Disputed, as the record is confused on this point.**

**58.    Disputed.  Once Mutual exercised its right under the Policy and requested, at some point after The Herald lost the jury verdict, that The Herald hire new counsel for the appeal, Mutual ceased merely cooperating and began controlling the defense of the litigation.  (Mutual Exh. 10, at 44.)  Mutual suggested the law firm of Baker Hostetler, LLP.  (*Id.*)  Mutual decided to retain Bruce Sanford of Baker Hostetler, as of May 12, 2005, jointly with The Herald to evaluate issues concerning The Herald's potential appeal of the verdict in the Underlying Action.  (Mutual Exh. 11.)  From the time of this "joint representation" period, and until the judgment was ultimately satisfied, Mutual was directly engaged in ongoing and active discussions with The Herald concerning the Underlying Action, as Jerome Schaefer, the President and General Counsel of Mutual participated or was included in dozens of emails and correspondence with The Herald and/or its counsel regarding the strategy and analysis of the case.  (Declaration of Sarah P. Kelly, Exh. 1, at entries for MUT001656-58, 001662-63, 001669-78, 001680, 001692-95, 001979-0081, 001999-2000, 002003, 002303-04, 002316-17, 002407-08.)**

**59.    Disputed.  Judge Murphy states that pursuant to the Policy, Mutual retains the right to defend The Herald through the various rights afforded to it by the Policy.  As noted above, Mutual "shall have the right and shall be given the opportunity to (a) associate with**

[The Herald] in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by the Company, in which event [The Herald and Mutual] shall cooperate fully in the defense or settlement of such claim, suit or proceeding." (Mutual Exh. 7, at 20.) Furthermore, Mutual could, if dissatisfied with The Herald's counsel, "suggest the replacement thereof with new counsel to be jointly appointed by The Herald and Mutual." (*Id.*) Lastly, not only must Mutual consent to any attempts to settle the dispute, but the Policy also provides Mutual with "the right to appeal from [a judgment against The Herald]," even if The Herald is unwilling to appeal from that judgment. (*Id.* at 21.)

60. Disputed. Judge Murphy states that it was reasonably clear that The Herald would lose, as it had libeled Judge Murphy.

62. Disputed. Judge Murphy states that pursuant to the Policy, Mutual retains the right to defend The Herald through the various rights afforded to it by the Policy. As noted above, Mutual "shall have the right and shall be given the opportunity to (a) associate with [The Herald] in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by the Company, in which event [The Herald and Mutual] *shall cooperate fully* **in the defense** *or settlement of such claim*, **suit or proceeding.**" (Mutual Exh. 7, at 20, emphasis added.) Furthermore, Mutual could, if dissatisfied with The Herald's counsel, "suggest the replacement thereof with new counsel to be jointly appointed by The Herald and Mutual." (*Id.*) Lastly, not only must Mutual consent to any attempts to settle the dispute, but the Policy also provides Mutual with "the right to appeal from [a judgment against The Herald]," even if The Herald is unwilling to appeal from that judgment. (*Id.* at 21.)

63.     Disputed.  Judge Murphy states that pursuant to the Policy, Mutual retains the right to defend The Herald through the various rights afforded to it by the Policy, as noted in Paragraph 62.

64.     Disputed, as this assertion by The Herald's rule 30(b)(6) deponent is so lacking in credibility that a reasonable trier of fact could find to the contrary, if such finding is relevant to this action.

65.     Disputed.  There existed communications regarding the defense of the action to and from Mutual, such that it is a reasonable inference that Mutual was involved and "fully cooperating," in the words of the Policy, in the defense of the action.  (*See* Declaration of Sarah P. Kelly, Exh. 1, at entries for MUT001803-04 (emails dated September 17-22, 2004 re: case analysis and strategy), MUT001854-55 (letter dated February 5, 2004 re: status update).)

66.     Disputed.  Judge Murphy states that pursuant to the Policy, Mutual retains the right to defend The Herald through the various rights afforded to it by the Policy.  As noted above, Mutual "shall have the right and shall be given the opportunity to (a) associate with [The Herald] in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by the Company, in which event [The Herald and Mutual] shall cooperate fully in the defense or settlement of such claim, suit or proceeding."  (Mutual Exh. 7, at 20.)  Furthermore, Mutual could, if dissatisfied with The Herald's counsel, "suggest the replacement thereof with new counsel to be jointly appointed by The Herald and Mutual."  (*Id.*)  Lastly, not only must Mutual consent to any attempts to settle the dispute, but the Policy also provides Mutual with "the right to appeal from [a judgment against The Herald]," even if The Herald is unwilling to appeal from that judgment.  (*Id.* at 21.)  Mutual was fully involved

with the decision to appeal, and plainly had the right to cooperate in, and ultimately make the decision to appeal. The privilege log of The Herald is replete with communications between Mutual, The Herald and counsel regarding the appeal. (*See* Declaration of Sarah P. Kelly, Exh. 1, at entries for MUT001656-58 (emails dated March 29, 2005 re: appeal), MUT001680 (email dated March 22, 2005 re: appeal), MUT001692-95 (emails dated March 15, 2005 re: appeal), MUT001803-04 (emails dated September 17-22, 2004 re: case analysis and strategy).)

70. Judge Murphy incorporates by reference its response to statement 66 above.

71. Disputed. Although Mr. Schaefer of Mutual testified that The Herald initiated the request for new counsel for the appeal, he was contradicted by Mr. Magram who stated "Mutual, I guess through its counsel, Jerry Schaefer, asked that we look at other attorneys to try the appeal." (Mutual Exh. 10, at 44.) Clearly, Mutual requested that The Herald retain new counsel to handle the appeal, as evidenced in emails dated May 11-12, 2005 between Mr. Schaefer and Mr. Magram in which Mr. Schaefer "propose[s] to engage" Mr. Sanford to handle the appeal, and Mr. Magram agrees. (*See* Declaration of Sarah P. Kelly, Exh. 3, at HER000957.) In doing so, Mutual availed itself of its right under Article VIII of the Policy to "suggest" counsel, which suggestion could not be unreasonably denied by The Herald. (*See* Mutual Exh. 7.) Mutual asked that The Herald retain new counsel for the appeal and suggested Bruce Sanford of Baker & Hostetler, with whom Mutual had an ongoing relationship. (*See* Mutual Exh. 10, at 44.) Mutual retained Baker & Hostetler, as of May 12, 2005, jointly with The Herald to evaluate issues concerning The Herald's potential appeal of the verdict in the Underlying Action. (*See* Mutual Exh. 10, at 44.)

72.     **Disputed.  Judge Murphy incorporates by reference his response to statement 71 above.**

73.     **Judge Murphy moves to strike this self-serving assertion as it is premised upon the advice-of-counsel defense, which has been stricken from this action.  To the extent necessary, this statement is disputed, as Mutual retained Baker & Hostetler, jointly with The Herald, for the purpose of evaluating issues related to the appeal from the Underlying Action. (Mutual Exh. 10, at 44.)**

74.     **Disputed.  Judge Murphy incorporates by reference his response to statement 71, above.**

75.     **Disputed.  Judge Murphy incorporates by reference his response to statement 71, above.**

76.     **While Judge Murphy does not dispute this statement, he moves to strike it as irrelevant.  It is a mere coincidence independent of Mutual's request and recommendation of Mr. Sanford of Baker & Hostetler.**

77.     **Disputed.  Judge Murphy incorporates by reference his response to statement 71, above.**

78.     **Judge Murphy moves to strike this self-serving assertion as it is premised upon the advice-of-counsel defense, which has been stricken from this action.  To the extent necessary, this statement is disputed, as Mutual retained Baker and Hostetler, jointly with The**

Herald, for the purpose of evaluating issues related to the appeal from the Underlying Action. (Mutual Exh. 10, at 44.)

79. Judge Murphy moves to strike this self-serving assertion as it is premised upon the advice-of-counsel defense, which has been stricken from this action. To the extent necessary, this statement is disputed, as Mutual retained Baker and Hostetler, jointly with The Herald, for the purpose of evaluating issues related to the appeal from the Underlying Action. (Mutual Exh. 10, at 44.)

80. Disputed. Judge Murphy incorporates by reference his response to statement 71, above.

81. Disputed. Judge Murphy incorporates by reference his response to statement 71, above.

82. Disputed. Judge Murphy incorporates by reference his response to statement 71, above.

84. Judge Murphy moves to strike this statement as it is premised upon the advice-of-counsel defense, which has been stricken in this action. To the extent necessary, this statement is disputed, as Mutual retained Baker and Hostetler, jointly with The Herald, for the purpose of evaluating issues related to the appeal from the Underlying Action. (Mutual Exh. 10, at 44.)

85. Judge Murphy moves to strike this statement as it is premised upon the advice-of-counsel defense, which has been stricken in this action. To the extent necessary, this

statement is disputed, as Mutual retained Baker and Hostetler, jointly with The Herald, for the purpose of evaluating issues related to the appeal from the Underlying Action. (Mutual Exh. 10, at 44.)

86. Judge Murphy moves to strike this self-serving assertion as it is premised upon the advice-of-counsel defense, which has been stricken from this action. To the extent necessary, this statement is disputed, as Mutual retained Baker and Hostetler, jointly with The Herald, for the purpose of evaluating issues related to the appeal from the Underlying Action. (Mutual Exh. 10, at 44.)

87. While Judge Murphy does not dispute that on or about November 11, 2005, The Herald and Mr. Wedge filed their Notice of Appeal, Judge Murphy moves to strike the reference to Mr. Sanford's opinion as it is premised upon the advice-of-counsel defense, which has been stricken from this action. To the extent necessary, this statement is disputed, as Mutual retained Baker and Hostetler, jointly with The Herald, for the purpose of evaluating issues related to the appeal from the Underlying Action. (Mutual Exh. 10, at 44.)

88. Disputed. It is a reasonable inference that Baker & Hostetler represented both Mutual and The Herald as there are communications in the privilege log between Mutual and Baker & Hostetler after November 8, 2005, some of which do not include any principals of The Herald. (*See* Declaration of Sarah P. Kelly, Exh. 1, at entries for MUT001918-19 (email dated May 24, 2006, re: SJC brief), MUT001924-25 (emails dated May 10-12, 2006 re: appeal), MUT002303-04 (emails dated March 2, 2007 re: strategy).) In particular, Mr. Sanford communicated at length in May 2007 with Mr. Schaefer and Mutual's current counsel regarding settlement and these communications were not relayed in writing to The Herald or

Brown Rudnick.  (*See* Declaration of Sarah P. Kelly, Exh. 2, at entries for Priv. Mut. 000199, 000200, 00201-02, and 000203-04.)  Furthermore, Baker & Hostetler updated Mutual at regular intervals regarding the status of the litigation, pursuant to the Policy.  (*See* Mutual Exh. 7.)

90.     Judge Murphy does not dispute that the SJC's decision was a disappointment to The Herald's management, but does dispute that any such alleged surprise was reasonable given the state of the law, the appeal's lack of merit, and the unanimous decision of the SJC.

91.     Disputed.  Pursuant to the Policy, this was a joint decision, as Mutual had the right to seek an appeal even if The Herald chose not to do so.  (*See* Mutual Exh. 7.)

93.     Disputed as to the use of the term "reimbursement."  Mutual did not reimburse The Herald for payment of the judgment.  Mutual, through its counsel, ultimately paid the judgment to Judge Murphy, through his counsel.  (Mutual Exh. 8, at 41-42.)

96.     Disputed.  Massachusetts General Laws, Chapters 93A and 176D impose upon Mutual, as The Herald's insurer, a duty to Judge Murphy to comply with the requirements of those statutes.  Mutual has willfully and knowingly disregarded that duty and thus is subject to multiple damages based on those awarded in the Action.  (*See* Mutual Exh. 6, at 3.)

B.     <u>ADDITIONAL FACTS RELIED UPON BY JUDGE MURPHY IN HIS OPPOSITION TO MUTUAL'S MOTION   FOR SUMMARY JUDGMENT</u>

Judge Murphy sets forth the following statements of undisputed fact upon which he relies in his Opposition to Mutual's Motion for Summary Judgment.

*The Policy*

1.     Mutual is an insurance company, based in Bermuda, which is engaged in the business of writing First Amendment media liability insurance.  (Exhibit 1 of Mutual's Statement of Undisputed Material Facts, hereinafter ("Mutual SUF") at ¶ 2, 48.)

2.     Most of Mutual's insureds are newspaper owners, and some also own local broadcast companies.  (Exhibit 8 of Mutual SUF at 19)

3.     Mutual insured The Boston Herald and The Herald Media, Inc., (hereinafter "The Herald") from June 1994 until 2005.  (Exhibit 10 of Mutual SUF at 58.)

4.     From June 30, 2000, to June 30, 2001, Mutual insured The Herald under Policy No. 694-1140 (the "Policy").  (Exhibit 7 of Mutual SUF.)

5.     The Policy consisted of Mutual's Group Policy No. 2000CM, as well as eight separate endorsements.  (Mutual SUF; Exhibit 7.)

6.     The Policy obligated Mutual to indemnify The Herald for damages arising out of, among other things, libel, slander, product or personal disparagement, trade libel, or other related forms of defamation or tort.  (*Id*.)

7.     The limit of liability under the Policy was $15 million, and The Herald was responsible for a $50,000 retention, as well as 20% of defense expenses (up to $500,000). (*Id*.)

8.     Herald had numerous "disclosure and reporting" obligations to Mutual under the terms of the Policy.  Once a claim is made or suit is brought against The Herald, it has an

obligation to (a) give Mutual prompt notice of the defamation claim or suit; (b) retain counsel for the defense or settlement of the claim (and notify Mutual of the identify of the counsel); (c) provide status updates to Mutual at least every six months; (d) provide Mutual with the complaint and other legal documents; and (e) file a notice of appearance and pleadings within the time period required by law. (*Id*. at VIII B(2).)

9.  The Policy expressly states that, Mutual "shall have the right and shall be given the opportunity to (a) associate with [The Herald] in the defense and control of any claim, suit or proceeding which involves, or appears likely to involve, payment by the Company, in which event [The Herald and Mutual] shall cooperate fully in the defense or settlement of such claim, suit or proceeding." (*Id*. at VIII B(3).)

10. Mutual could, if dissatisfied with The Herald's counsel, "suggest the replacement thereof with new counsel to be jointly appointed by The Herald and Mutual." (*Id*.)

11. The Herald could not "unreasonably deny" Mutual's request for new counsel. (*Id*.)

12. Furthermore, Mutual could not "unreasonably withhold" its consent to settle. (*Id*.)

13. Mutual retained the right, if The Herald was unwilling to appeal from a judgment, to appeal the judgment itself, bearing the costs thereof. (Id. at VIII(B)(4).)

*The Libel Case*

14.     On June 3, 2002, Judge Murphy asserted a claim of libel (captioned *The Honorable Ernest B. Murphy v. Boston Herald, Inc.*, **Civ. Action No. 02-2424B (Suffolk County)) against The Herald and several of its reporters, including David Wedge (hereinafter, the "Libel Case"). (Ex. 2 to Mutual SUF at ¶ 6.)**

15.     **The Libel Case was tried to a jury in January 2005, and on February 19, 2005, the jury returned a verdict in favor of Judge Murphy for approximately $2.09 million (Mutual SUF, Exhs. 1 and 2, at ¶ 20.)**

16.      **On March 11, 2005, The Herald filed various post trial motions, seeking to vacate the verdict.  The motions were denied in substantial part in October, and The Herald filed a Notice of Appeal on November 14, 2005.  (Mutual SUF, Exhs. 1 and 2, at ¶ 33.)**

17.     **At some point after The Herald lost the jury's verdict, Mutual "suggested," consistent with the terms of the Policy, that The Herald hire new counsel for the appeal.  (Mutual SUF, Exh. 10, at 44.)**

18.     **Mutual "suggested" the law firm of Baker Hostetler, LLP, and The Herald agreed with Mutual's suggestion to retain Bruce Sanford of Baker Hostetler, as of May 12, 2005.  (***See* **Declaration of Sarah P. Kelly, Exh. 3, at HER000957.)**

19.     **From May 2005 until Mutual satisfied the judgment in June 2007, Mutual and The Herald steadfastly refused to engage in any settlement negotiations.  (Mutual SUF, Exh. 3, at response no. 1.)**

ERNEST B. MURPHY

By his attorneys,

/s/ Sarah P. Kelly
Stephen J. Brake (BBO# 546972)
Sarah P. Kelly (BBO# 664267)
Nutter McClennen & Fish, LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210
(617) 439-2000

November 4, 2008

## CERTIFICATE OF SERVICE

I, Sarah P. Kelly, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 4, 2008.

/s/ Sarah P. Kelly
Sarah P. Kelly

1779121.3

1779121.3