UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
Mutual Insurance Company, Limited   )
       Plaintiff,                   )
v.                                  )   **Civil Action No.  07-11532 PBS**
                                    )
The Honorable Ernest B. Murphy,     )
       Defendant.                   )
_____)

**MUTUAL INSURANCE COMPANY, LIMITED'S REPLY MEMORANDUM**
**LEAVE TO FILE GRANTED ON 11/10/08**

Mutual Insurance Company, Limited ("Mutual") respectfully replies to The Honorable Ernest B. Murphy's ("Judge Murphy") Opposition To Mutual's Motion For Summary Judgment.

**I.     MUTUAL DID NOT HAVE CONTROL OF THE HERALD'S DEFENSE.**

Judge Murphy's opposition argues that Mutual controlled the Herald's defense because the Policy gave Mutual the right to associate in the Herald's defense and imposed on the Herald other "disclosure and reporting obligations."  (Judge Murphy's Opposition pgs. 4-5, 10-13.) Judge Murphy relies on various provisions of the Policy that gave Mutual the right to receive notice of a claim; to receive twice yearly status reports from the Herald; to suggest new counsel; to associate in the Herald's defense; to consent to a settlement and to appeal a judgment if the Herald was unwilling to do so.  (*Id*. pgs 10-13.)  Citing no law to support this argument, Judge Murphy asserts that "in effect" these policy provisions, particularly Mutual's right to appeal an adverse judgment if the Herald chose not to do so, gave "ultimate control over the litigation to Mutual."  (*Id*. pgs. 12, 13.)  Judge Murphy's argument ignores the unambiguous and dispositive policy language and the facts – Mutual did not control the defense or the settlement of Judge Murphy's claim.  (Exhibit 7, Section VIII(B)(3) pg. MUT003154.)

There is no merit to Judge Murphy's claim that Mutual's right to associate with the

834156.1                                    1

Herald in its defense or any other policy provisions which allowed Mutual to be kept informed of Judge Murphy's claim imposed a duty on Mutual to settle.  A right to associate does not constitute a duty to defend.  *See, e.g., Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 536 F.2d 730, 736 (7th Cir. 1976) ("the reservation of the option to 'associate' in the defense imposes no duties when that option is not exercised"); *RBC Dain Rauscher, Inc. v. Federal Ins. Co.*, 2003 U.S. Dist LEXIS 26475, *12 (insurer's "explicit option to join in the defense directly contradicts any possible duty to join in the defense.")  The rule in Massachusetts is the same.  *See Employers' Liability Assur. Corp. v. Hoechst Celanese Corp.*, 43 Mass. App. Ct. 465, 480-81, 684 N.E.2d 600, 610 (1997) (the assistance and cooperation clause of an excess insurance policy "exempts the insurer from assuming charge of the defense and settlement of claims."); *Mass. Port Auth. v. Ace Prop. & Cas. Ins. Co.*, 17 Mass. L. Rep. 589 (Mass. Super. Ct. 2004)(the right to associate language "is not complicated, not ambiguous and not difficult to understand.  [The insurer] has the option, if it so desires, to assume the defense of the [insured], but it does not have a duty to do so.")

Judge Murphy has not cited any law to support his claim that an excess insurer's right to associate with an insured's defense imposes a duty to settle.  The law is to the contrary.  An insurer's right to associate does not create a duty to settle where the insurer does not assume exclusive control of defense and settlement responsibilities.  *National Union Fire Ins. Co. v. CNA Ins. Co.*, 28 F.3d 29, 32-33 (5th Cir. 1994) (where policy unambiguously reserved control of the defense to insured, and there was no evidence that insurer actually controlled the defense, no duty was triggered on behalf of the insurer to settle).

In this case, it is undisputed – as testified to by *both* the Herald's and Mutual's 30(b)(6) designees – that Mutual never exercised its right to associate with the Herald in the defense of

834156.1                                         2

Judge Murphy's claims and Mutual never exercised control over the Herald's defense nor controlled settlement, including while the defamation case was on appeal.  (Ex. 8, pgs. 66-67, 70-71; Ex. 10, pgs. 44, 48-50, 97 and Mutual's Summary Judgment Memorandum pgs. 3-6.)

**II.     JUDGE MURPHY'S RELIANCE ON ENTRIES ON MUTUAL'S PRIVILEGE LOG IS INSUFFICIENT TO CREATE AN ISSUE OF FACT.**

In opposition to Mutual's summary judgment motion, Judge Murphy does not offer any competent evidence, by way of affidavit or deposition, that Mutual controlled the Herald's defense or controlled settlement.  Rather, Judge Murphy seeks to minimize Mutual's evidence by characterizing the testimony of Mutual's President and 30(B)(b) designee, Jerome Schaefer, that Mutual did not control the Herald's defense and did not select appellate counsel as mere "protestations" and "bare contrary assertions."  (Judge Murphy's memo pgs. 14-15.)  Significantly, Judge Murphy has not cited any portion of Mr. Schaefer's testimony (or any deposition testimony from the Herald or any other witness) that disputes the fact that Mutual's did not control the defense or settlement of the defamation action.  Instead, the sworn testimony before the court directly contradicts Judge Murphy's assertion and confirms that the Herald controlled its own defense, its decision not to settle, and its ultimate decision to satisfy the judgment.  (Ex. 8, pgs. 66-67, 70-71, 76, 84, 128-29; Ex. 10, pgs. 44, 46, 48-50, 97, 155.)

In support of his opposition, Judge Murphy resorts to citing Mutual's privilege log as "contrary evidence" that Mutual did control the litigation, including litigation strategy, because Mr. Schaefer was the "drafter and recipient of repeated emails" during the appeal period which concerned litigation strategy.  (Judge Murphy's Memo pg. 14.)  Judge Murphy acknowledges that Mutual had a right to be informed of the status of the appeal and there is nothing in the record that suggests that the email exchanges involving the Herald, its appellate counsel and Mr. Schaefer were anything more than the Mutual monitoring the appeal.  Judge Murphy's argument

ignores Mr. Schaefer's testimony that he was not involved with the Herald or its appellate counsel concerning appellate strategy (Ex. 8, 161-165) and his affirmative testimony that any "characterization" drawn from entries on a privilege log of him being involved with appellate strategy is "inaccurate."  (*Id*. at 165.)

Documents cataloged on Mutual's privilege log are not competent evidence to defeat Mutual's summary judgment motion.  The emails cited by Judge Murphy have never been produced because they are privileged and its is rank speculation for Judge Murphy to suggest that because Mr. Schaefer was on email exchanges that appear on a privilege log that he was, in fact, controlling the appeal.  *See Wilson v. AM Gen. Corp.*, 1996 U.S. Dist. LEXIS 16831, 40-41 (N.D. Ind. Sept. 16, 1996) (plaintiff's offers nothing but rank speculation that the documents not produced that are on a privilege log somehow would show a disputed issue of fact).

Judge Murphy, without citation to a specific e-mail, also suggests some significance to communications between Mutual and Attorney Sanford in May 2007 regarding the subject of settlement.  (Judge Murphy Memo pg. 15.)  However, at that time, Attorney Sanford solely represented the Herald, and communications between the Herald's counsel and Mutual regarding settlement (after the SJC's decision) are entirely consistent with the undisputed evidence regarding the Herald's control of defense and settlement.[1]

### III.   MUTUAL DID NOT SELECT THE HERALD'S APPELLATE COUNSEL.

Judge Murphy argues that once the verdict was entered against the Herald, Mutual "simply usurped defense of the claim" "because [it] recommended The Herald retain new, appellate counsel, and The Herald did so." (Judge Murphy's memo pg. 14.)  Judge Murphy's

---

[1] Judge Murphy's reliance on documents logged on Mutual's privilege log is also improper because to respond substantively to this argument would require to Mutual to produce privilege documents – which in this case the Herald has vigorously opposed.  Because the privileged documents cited by Judge Murphy will not be evidence at trial, these documents create no issue of fact for the jury.

argument is a blatant distortion of the record and relies on testimony from Jeffrey Magram which was admittedly a "guess" that has been quoted out of context and thus does not constitute competent evidence.  (*See* Ex. 10, pg. 44.)

The undisputed evidence is that it was the Herald, not Mutual, that engaged Baker & Hostetler to be its appellate counsel and the decision to hire that firm was made by the Herald's Publisher, Mr. Purcell.  (Ex. 8, pgs 83-85; 124-126, 127; Ex. 10, pg. 17, 114.)  Mutual did not have any part in those decisions.  (Ex. 8, pg. 84.)  Mutual does admit that while post-trial motions were pending before the Superior Court, Mutual jointly engaged Baker & Hostetler with the Herald to evaluate the appeal.  (Ex. 8, pg. 93-95.)  However, it is undisputed that Baker & Hostetler's joint representation of the Herald and Mutual ended in late 2005, six days before the Herald filed its Notice of Appeal on the day Attorney Stanford issued his opinion as to the probability of overturning the verdict.  (Exs. 1 and 2, ¶¶ 33; Ex. 8, pgs. 95-96, Ex. 10, pg. 115 and Ex. 11.)

## CONCLUSION

For all of the above reasons and for the reasons in Mutual's Motion For Summary Judgment, summary judgment should be granted to Mutual on Count I of its Complaint and on Judge Murphy's Counterclaim.

Respectfully Submitted,

MUTUAL INSURANCE COMPANY, LIMITED

By its attorneys,

/s/ Joseph S. Sano_____
Joseph S. Sano, BBO #545706
Thomas M. Elcock, BBO #542807
PRINCE, LOBEL, GLOVSKY & TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
617-456-8000

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 13, 2008.

/s/ Joseph S. Sano

Dated:  November 13, 2008